UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
MIGUEL WILLIAMS, *pro se*

                Petitioner,

      **ORDER**

  -against-

      11-CV-2435 (KAM)

M. SHEAHAN, Acting Superintendent,

                Respondent.
-----------------------------------X

**MATSUMOTO, United States District Judge**:

      *Pro se* petitioner Miguel Williams (the "petitioner") requests that his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be stayed so that he may exhaust an additional claim in state court. (ECF No. 3, Stay Motion ("Stay Mot.").) Respondent M. Sheahan (the "respondent") does not oppose petitioner's motion for a stay. (ECF No. 4, Response ("Resp.").)

**DISCUSSION**

      On May 18, 2011,[1] petitioner filed his habeas petition pursuant to 28 U.S.C. § 2254 (the "petition"), raising two claims: (1) that the trial court erred in denying his *Payton/Huntley* application; and (2) that the police violated his right to counsel when they questioned petitioner without the presence of his attorney. (ECF No. 1, Petition at 5.) Based on

---

[1] The petition is dated May 15, 2011 and was filed with the court on May 18, 2011.

1

the information available in the petition, petitioner appears to have previously raised, and exhausted, both of these claims in state court. (*Id.* at 1-3.)

On June 2, 2011, the petitioner moved to stay his petition (the "stay motion") so that he may return to state court and file a motion to vacate his judgment of conviction under N.Y.C.P.L. § 440.10 on the basis of ineffective assistance of counsel. (Stay Mot.) Petitioner also asks that after exhaustion of such claim in state court, this court allow him to amend his petition to include that claim. (*Id.*) Respondent filed a letter on June 14, 2011, stating that he does not oppose petitioner's motion for a stay of his petition. (Resp.)

Because the petitioner did not raise the ineffective assistance of counsel claim in his instant petition, his petition only contains exhausted claims and is therefore not a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509 (1982), subject to the standards of *Rhines v. Weber*, 544 U.S. 269 (2005), governing the grant of a stay in the habeas context. Therefore, petitioner's stay motion is premature. *See Bethea v. Walsh*, No. 09-cv-5037, 2010 WL 2265207, at *1 (E.D.N.Y. June 2, 2010) (finding premature petitioner's motion to stay his habeas petition pending the filing of a N.Y.C.P.L. § 440.10 motion where petitioner had not raised the anticipated claims in his habeas petition and the petition was therefore not "mixed").

Accordingly, before the court can address petitioner's stay motion, petitioner must first move to amend his current petition pursuant to Federal Rule of Civil Procedure 15(a) to add the new, unexhausted claim for ineffective assistance of counsel. (*Id.*)

**CONCLUSION**

Petitioner's motion to stay his petition is denied without prejudice. If petitioner wishes to add a new ineffective assistance of counsel claim to the instant petition, he must move to amend his petition by July 15, 2011. In the motion to amend, petitioner should address: (1) why leave to amend should be granted under Federal Rule of Civil Procedure 15(a); (2) whether his proposed amendment is timely in light of the one-year statute of limitations period for habeas petitions;[2] and (3) if the proposed amendment is <u>not</u> timely, whether the proposed amendment relates back to his original petition.

In addition, petitioner must attach to his motion to amend: (1) a proposed amended petition that includes the claims raised in his current petition and the new claim he has yet to exhaust; (2) copies of the N.Y.C.P.L. § 440.10 motion briefs and

---

[2] It appears, based on a review of the unverified information in the petition, that the one-year statute of limitation period for petitioner ends on June 27, 2011, one year after the expiration of the 90-day period to file a writ of certiorari with the Supreme Court. However, this calculation is based solely on the information provided by petitioner, and has not been confirmed by the court. Petitioner should, on his own, determine when the one-year statute of limitation period will run on his claims.

3

any state court decision on that motion, if available; and (3) copies of any other state court motions filed by petitioner, seeking post-conviction or collateral review. Petitioner should be aware that the court will deny leave to amend the petition to include proposed claims that would be futile, such as on-the-record ineffective assistance of trial counsel claims that could have been raised on direct appeal, but were not.

If petitioner chooses to file a motion to amend, he shall concurrently file a motion to stay his habeas petition by July 15, 2011. Petitioner should be aware that under *Rhines*, this court can grant requests to stay only when: (1) there is good cause for the petitioner's failure to exhaust the unexhausted claims in state court before bringing a federal habeas petition; and (2) the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. In his submission, petitioner should state when he discovered the factual basis for his new claims.

/
/
/
/
/
/
/

Respondent is directed to respond to petitioner's motion to amend within 30 days after the motion is filed, by August 15, 2011. The respondent shall serve a copy of this Order upon petitioner and file a certificate of service by June 16, 2011.

**SO ORDERED.**

Dated: June 15, 2011
       Brooklyn, New York

                                        /s/
                              **KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York