```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

MIGUEL WILLIAMS,                             **Not for Publication**

               Petitioner,     **ORDER ADOPTING REPORT**
                                      **AND RECOMMENDATION**
   -against-

M. SHEEHAN, Acting Superintendent of          11-cv-2435 (KAM)(LB)
Southport Correctional Facility,

               Respondent.

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        On May 18, 2011, petitioner Miguel Williams ("petitioner") brought this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on grounds that (1) his Fourth Amendment rights were violated when police arrested him without a warrant in his home; and (2) his right to counsel was violated when police interrogated him when his attorney was not present. (*See generally* ECF No. 1, Petition for Writ of Habeas Corpus filed 5/18/11 ("Pet.").) On June 6, 2011, before respondent filed any response to the petition, petitioner moved the court to stay this action and to grant petitioner leave to amend the petition to add an unexhausted claim for ineffective assistance of trial counsel. (*See generally* ECF No. 3, Motion to Stay and Amend dated 5/29/11.) Although respondent did not oppose petitioner's motions (*see* ECF No. 4, Letter in Response to Petitioner's Stay Request dated 6/14/11), by order dated June 15, 2011, the court denied without prejudice petitioner's motion to

stay as premature because the petition did not contain any unexhausted claims and therefore was not a "mixed petition" for which a stay might be granted (*see* ECF No. 5, Order dated 6/15/2011). The court directed petitioner to move to amend his petition and to concurrently file a motion to stay. (*Id.* at 3-4.) The court advised petitioner, however, that "under *Rhines* [*v. Weber*, 544 U.S. 269 (2005)], this court can grant requests to stay only when: (1) there is good cause for the petitioner's failure to exhaust the unexhausted claims in state court before bringing a federal habeas petition; and (2) the unexhausted claims are not 'plainly meritless.'" (*Id.* at 4.)

By Order dated October 12, 2011, the court referred to Magistrate Judge Lois Bloom petitioner's motions to amend and stay his petition, and the underlying petition. (*See* Order dated 10/12/2011.) Presently before the court is a Report and Recommendation ("R&R") issued by Judge Bloom on February 6, 2012, recommending that this court (1) grant petitioner's motion to amend; (2) deny petitioner's motion to stay; and (3) deny the underlying petition for a writ of habeas corpus. (ECF No. 14, Report and Recommendation dated 2/6/12 ("R&R"), at 1.)

The Report and Recommendation indicated that any objections were due 14 days after service of the Report and Recommendation. (*Id.* at 19.) The docket reflects that the Clerk of Court served a copy of the Report and Recommendation on

petitioner on February 7, 2012, and that all objections were due by February 24, 2012.  (*See* Docket Entry dated 2/6/2012.)  By letter dated February 29, 2012, petitioner requested a 45-day extension to file his objections to the Report and Recommendation.  (ECF No. 15, Motion for Extension dated 2/29/12.)  On March 28, 2012, the court granted petitioner's request for extension of time to file objections to the Report and Recommendation.  (*See* Order dated 3/28/12.)  In addition, to accommodate the extension, the court terminated without prejudice petitioner's motions to stay and to amend, noting that these motions would be deemed reactivated upon receipt of petitioner's objections.  (*Id.*)

On May 2, 2012, petitioner filed objections to the Report and Recommendation, thus reactivating his motions to stay and to amend within the extended period granted by the court.[1] (*See* ECF No. 17, Pet'r Objections to R&R dated 5/2/12 ("Obj.").) On August 7, 2013, petitioner advised the court that the Appellate Division of the State of New York had denied petitioner's application for leave to appeal the judgment of conviction pursuant to Section 440.10 of the New York Criminal

---

[1]  Petitioner is entitled to the benefit of the "prison mailbox rule," which deems the papers of a petitioner who is in custody to be filed as of the date he gave the papers to prison authorities for mailing.  *See Walker v. Jastremski*, 430 F.3d 560, 562 (2nd Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  For the purposes of the instant Memorandum and Order, the court will assume that petitioner gave prison authorities his submission on the date listed on the objections, May 2, 2012.

Procedure Law ("CPL 440.10") on the ground of ineffective assistance of trial counsel. (ECF No. 19, Pet'r Letter dated 8/7/13 ("8/7/13 Ltr.").) Accordingly, petitioner's claim of ineffective assistance of trial counsel is exhausted.

Upon a thorough review of the Report and Recommendation, the parties' submissions, the underlying record, and the applicable case law, the court overrules petitioner's objections and affirms and adopts Judge Bloom's well-reasoned and thorough R&R in its entirety as the opinion of the court.[2]

## STANDARD OF REVIEW

In reviewing a petition for habeas corpus relief, a federal court may only consider whether a person is in custody pursuant to a state court judgment in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A petitioner is entitled to habeas corpus relief if he can show the state court decision (1) was "contrary to, or involved unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1); *see also Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir. 2002).

---

[2] Because Judge Bloom's R&R provides a comprehensive recitation of the relevant facts underlying petitioner's convictions and the claims in his habeas petition (*see* R&R at 1-4), such facts will not be repeated herein.

4

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011). Furthermore, even on *de novo* review of specific objections, the court "will not consider 'arguments, case law, and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *3-4 (S.D.N.Y. Sept. 26, 2008)

(citations and internal quotation marks omitted); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "'Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply re-litigating a prior argument.'" *Brown*, 2012 WL 511581, at *2 (quoting *Pinkney v. Progressive Home Health Servs*., No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)). "Where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review an R&R for clear error." *Ramirez v. United States*, 898 F. Supp. 2d 659, 662 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

## **DISCUSSION**

Petitioner does not object to Judge Bloom's recommendation to deny his habeas petition based on the Fourth Amendment claim and the claim that his right to counsel was violated. (Obj. at 2 ("[P]etitioner now waives these claims, and *does not* wish to object to them." (emphasis in original)).) Petitioner's sole objection is that Judge Bloom erroneously rejected his claim of ineffective assistance of counsel. (*See*

*generally id.* at 2-12.)

The crux of petitioner's ineffective assistance of counsel claim is that trial counsel failed to consult with and call to testify two possible witnesses - Rodney Miller, petitioner's cousin who was arrested along with petitioner in their shared apartment, as well as the management company of the apartment building – for his suppression hearing. (*Id.* at 4; ECF No. 8, Notice of Motion to Amend Petition dated 7/10/11 ("Mot. to Amend").) Petitioner contends that Mr. Miller's affidavit and the maintenance repair receipt, reflecting that the apartment door's slam lock had to be repaired because the "door was force[d] open," (Obj. at 15-16; Mot. to Amend at 9-12), would have undermined the testifying officer's testimony that officers entered the apartment with petitioner's consent, and thus "could have compelled the trial court to suppress the weapon and the cocaine found in plain view by the police officers" in petitioner's apartment. (Obj. at 6; *see also* Mot. to Amend at 16-19.)

**A. R&R's Denial of Ineffective Assistance of Counsel Claim**

The R&R found, on the merits, that petitioner's ineffective assistance claim was unsuccessful under *Strickland v. Washington*, 466 U.S. 668 (1984).[3] Under *Strickland*, to prevail

---
[3] The R&R noted that the ineffective assistance claim was unexhausted as it was, at the time, pending in state court, but nevertheless recommended denying the claim under 28 U.S.C. § 2254(b)(2), which permits a court to deny an

7

on an ineffective assistance of counsel claim, a claimant must show (1) that counsel's performance was objectively unreasonable, and (2) that "but for counsel's unprofessional errors, the reuslt of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Specifically, Judge Bloom determined petitioner could not establish that counsel's performance was objectively unreasonable, because petitioner had not shown that the potential witnesses would have testified at the suppression hearing (R&R at 17), the decision whether to call specific witnesses is ordinarily considered tactical and reasonable under *Strickland* (*id.*), and "only in hindsight would counsel have known that such evidence could have undermined Officer Vasquez's credibility (*id.* at 18).

Moreover, Judge Bloom concluded that even if trial counsel's performance was objectively unreasonable, petitioner failed to show that the outcome of the suppression hearing would have been different. (*Id*. at 18.) As to petitioner's argument that the potential witnesses' testimony would have undermined Officer Vasquez's credibility to the extent that the trial court would have suppressed the evidence, the R&R found such a contention to be "purely speculative." (*Id.*) In addition, the

---

application for writ of habeas corpus on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." (R&R at 15.) As noted before, the claim is now exhausted.

8

R&R noted that the trial court's decision to deny the suppression motion was based, not on whether police officers entered the apartment forcefully or on consent, but on the existence of exigent circumstances justifying entry into the apartment without a warrant. (*Id.*)

**B.  Petitioner's Objections**

A review of petitioner's objections shows that they merely restate (albeit in more detail) the same arguments already considered, and found lacking, by Judge Bloom. (*See* Obj. at 6-11; Mot. to Amend at 16-19; R&R at 15-18.) Accordingly, the court reviews Judge Bloom's recommendation to deny petitioner's ineffective assistance claim for clear error. *Jones v. Smith*, No. 09 Civ. 6497, 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) ("To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation strictly for clear error."); *see also Zaretsky*, 2012 WL 2345181, at *1 (same). Upon a review of the R&R and the record for clear error, the court finds none.[4]

Petitioner also cites in his objection two Second Circuit cases, *Pavel v. Hollins*, 261 F.3d 210 (2d Cir. 2001), and *Bell v. Miller*, 500 F.3d 149 (2d Cir. 2007), to support his

---

[4]  In an abundance of caution, the court has closely reviewed the record and relevant case law in light of petitioner's objections, and finds that even under *de novo* review, the adoption of Judge Bloom's recommendation to deny

contention that Judge Bloom erroneously denied his ineffective assistance claim. (Obj. at 4.) The court is not required to consider any case law that could have been, but was not, presented to the magistrate judge in the first instance. *Kennedy*, 2006 WL 3704784, at *1. Moreover, neither of the cases cited would persuade the court to sustain petitioner's objections.

In *Pavel v. Hollins*, the Second Circuit held that counsel's decision to not call two key witnesses constituted ineffective assistance, because counsel was motivated not by trial strategy, but by "a desire to save himself labor." *Pavel*, 261 F.3d at 217-18. Here, there are several legitimate strategic reasons counsel may not have wished to call Mr. Miller and the management company as witnesses at the suppression hearing, such as the likelihood that Mr. Miller would testify in light of his own arrest, and, as Judge Bloom notes, the relative significance of any testimony regarding whether the front door was forced open given Officer Vasquez's extensive testimony about exigent circumstances and the court's reliance on such testimony in denying suppression. (R&R at 18.)

In *Bell v. Miller*, the Second Circuit concluded that where "the only evidence identifying a criminal defendant as the perpetrator is the testimony of a single witness, and where the

---

petitioner's ineffective assistance of counsel claim is warranted.

memory of that witness is obviously impacted by medical trauma[,] and where the all-important identification is unaccountably altered after the administration of medical drugs, the failure of defense counsel to consider consulting an expert to ascertain the possible effects of trauma and pharmaceuticals on the memory of the witness is constitutionally ineffective." *Bell*, 500 F.3d at 157. Such facts simply do not exist here.

Thus, having reviewed Judge Bloom's Report and Recommendation for clear error, and having found none, the court respectfully overrules petitioner's objections.

## **CONCLUSION**

For the foregoing reasons, Judge Bloom's well-reasoned and thorough Report and Recommendation is adopted in its entirety as the decision of this court. Accordingly, petitioner's motion to amend is granted, petitioner's motion to stay is denied, and the amended petition for a writ of habeas corpus is denied and dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue because petitioner has not made a "substantial showing" of a denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith. *See Coppedge v.*

*United States*, 369 U.S. 438, 445 (1962). The Clerk of the Court is respectfully requested to enter judgment in favor of respondent, and close this case. Respondent shall serve a copy of this Order on petitioner and note such service on the docket within two days of the date of this Memorandum and Order.

**SO ORDERED.**

Dated: July 28, 2014
       Brooklyn, New York

                                      _____ \_\_/s/_____
                                      Kiyo A. Matsumoto
                                      United States District Judge